UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **DENISE L. BRANHAM,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|   v. | )    **CAUSE NO. 1:20-cv-00164-SLC** |
| | ) |
| **COMMISSIONER OF SOCIAL** | ) |
| **SECURITY,** *sued as Kilolo Kijakazi,* | ) |
| *Acting Commissioner of Social Security,*[1] | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

On July 15, 2021, Plaintiff Denise L. Branham filed a petition to recover attorney fees in the amount of $14,991.90 for 70.85 attorney hours and 1.5 legal assistant hours under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, together with supporting documents. (ECF 28 through ECF 28-10). Defendant Commissioner of Social Security ("Commissioner") opposes the fee petition in part, asserting that the 70.85 hours billed—more specifically, the 49.25 hours billed for the reply brief—were not reasonably expended and should be reduced to a total of 32 hours for a fee of $6,855. (ECF 29). In her reply, Branham offers to reduce the 49.25 hours for the reply brief to 30 hours, and her total requested fee from $14,991.90 to $12,156.50.[2] (ECF 32). For the following reasons, Branham's motion for EAJA fees will be GRANTED IN PART, reducing her request to 51.85 attorney hours and 1.5 legal assistant hours for a total fee of $11,001.90.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security, *see, e.g.*, *Butler v. Kijakazi*, 4 F.4th 498 (7th Cir. 2021), and thus, she is automatically substituted for Andrew Saul in this case, *see* Fed. R. Civ. P. 25(d).

[2] This amount includes an additional 5.75 hours that Branham spent researching and writing her reply brief to the fee petition. (ECF 32 at 4; ECF 32-1).

*A. Applicable Legal Standard*

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). Branham, as the fee applicant, bears the burden of proving that the EAJA fees sought are reasonable. *See* 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Factors the Court should consider in evaluating the reasonableness of a fee request are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.

"Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (citation omitted). "As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Davenport v. Astrue*, No. 2:07-CV-0064-PRC, 2008 WL 2691115, at *7 (N.D. Ind. July 3, 2008) (citing *Hensley*, 461 U.S. at 434). "The amount of a fee award is left to the discretion of the district court because of its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Id*. (quoting *Hensley*, 461 U.S. at 437).

2

*B. Discussion*

The Commissioner argues that Branham fails to meet her burden of showing that the 70.25 hours billed by her attorneys were reasonably expended. (ECF 29 at 2-3). The Commissioner contends the hours were excessive given that: (1) courts within the Seventh Circuit Court of Appeals have found a reasonable number of total hours spent on a social security appeal range from 40 to 60 hours; (2) the administrative record of 688 pages in this case is not abnormally long; and (3) the 49.25 hours spent on the reply brief is "grossly disproportionate" to the 21.6 hours spent on the remainder of the case. (*Id.* (citations omitted)). The Commissioner adds that the 7.5 hours spent to "research issues" for the reply brief "are especially nonsensical given that the [r]eply [b]rief could not present any new issues; it was limited in scope to what [Branham] had already argued in her [o]pening [b]rief." (*Id.* at 3).

Branham concedes that the number of hours spent on her reply brief was much larger than the opening brief, but emphasizes that the opening brief was just 10 pages where the reply brief was 12 pages "with tables, and offered both new case law and evidence from the record." (ECF 32 at 3). She states that the Commissioner's response required "a deep analysis of [her] use of a cane, as well as her obesity and the associated limitations, beyond that which was offered in the [o]pening [b]rief . . . . to fully develop a reputable reply." (*Id.*). She emphasizes that a different attorney worked on the opening brief than the reply brief, and "each individual attorney needed to spend time reviewing the [a]dministrative [r]ecord and researching the issues." (*Id.*). Nevertheless, "in the interest of compromise," Branham offers to reduce the 49.25 hours spent on her reply brief to 30 hours. (*Id.* at 4).

Branham, however, fails to cite to cases concluding that 30 hours—much less 49.25 hours—spent on a reply brief is reasonable. While some courts (including this one) have on

3

occasion approved approximately 20 hours on a reply brief, when doing so they typically infer that such hours are at the top of the reasonable range. *See, e.g.*, *Garcia v. Colvin*, No. 1:11-CV-00165, 2013 WL 1343662, at *4 (N.D. Ind. Apr. 3, 2013) (expending 23 hours on a 15-page reply brief was "somewhat high" but not "patently unreasonable"); *Groskreutz v. Barnhart*, No. 02-C-454-C, 2005 WL 567814, at *2 (W.D. Wis. Feb. 28, 2005) (while spending nearly 20 hours on a 10-page reply brief was on the high side, it was not unreasonable).

Further, Branham's proffered reasons to justify such a large amount of billed hours—including, a different attorney writing the reply brief than the opening brief—are not persuasive. Even more so where Branham offers no reason why a different attorney drafted the reply brief than the opening brief, resulting in redundant attorney time. *See generally Mireles v. Astrue*, No. 10 C 6947, 2012 WL 4853065, at *5 (N.D. Ill. Oct. 11, 2012) ("Mireles explains that the drafter of the opening brief had left Shultz's firm by the time the reply was written, requiring the other attorney to fill the breach. That happenstance does not justify awarding fees for six hours of redundant attorney time; the costs associated with staffing issues at Schultz's law office should be borne by the attorney or Mireles, not by the government." (internal citation omitted)).

Therefore, Branham has not established that 30 hours for her reply brief—much less her initial request of 49.25 hours—is reasonable. Consequently, the Court will cut her initial request of 49.25 hours for the reply brief approximately in half, to 24.50 hours. This amount is at the top of the range as to what courts have found reasonable for a reply brief. This reduction brings Branham's total requested hours from 70.85 to 51.85, which is within the range that district courts in the Seventh Circuit Court of Appeals have found to be reasonable for work on a social security appeal. *See Kinsey-McHenry v. Colvin*, No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (stating that a reasonable number of total hours of work on a social

security appeal ranges from 40 hours to 60 hours); *Spaulding v. Astrue*, No. 08 C 2009, 2011 WL 1042580, at *3 (N.D. Ill. Mar. 22, 2011) (collecting cases and finding that 56.4 hours of attorney time "is within the permissible range of social security cases, namely, 40 to 60 hours").

Consequently, Branham's motion for attorney fees will be granted in part, approving an EAJA fee award of $11,001.90 for 51.85 total attorney hours—that is, 21.6 hours at $209 for the opening brief, 24.5 hours at $210 for the reply brief, and 5.75 hours at $210 for the EAJA reply brief— plus $135 for 1.5 legal assistant hours.

### C.  Conclusion

For the foregoing reasons, the Court GRANTS IN PART Branham's petition for attorney fees under the EAJA (ECF 28) in so far as the Commissioner shall pay an award of $11,001.90 for 51.85 attorney hours and 1.5 legal assistant hours to Branham. If counsel for the Commissioner can verify that Branham does not owe any pre-existing debt to the Government subject to offset, the Commissioner shall direct that the award be made payable directly to Branham's attorneys pursuant to the fee agreement between Branham and counsel (ECF 28-10).

SO ORDERED.

Entered this 17th day of September 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge